**In re Randall Lee ANDERS, Debtor.**

**Charles W. GRANT, Trustee, Plaintiff,**

**v.**

**JACKSONVILLE POSTAL CREDIT UNION, Defendant.**

**Bankruptcy No. 81–929–BK–J–GP. Adv. No. 82–120.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

May 28, 1982.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Earl Bennett, Jacksonville, Fla., for defendant.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtor is an employee of the United States Postal Service. Like many employees in all walks of life, he is a member of the credit union where he works. Like most debtors before this Court, he has borrowed money from the credit union. In this case, he borrowed $10,000 on March 13, 1981, on an unsecured basis. As is customary in this type of transaction, he signed a document instructing his employer to deduct a certain amount from each paycheck and forward it to the credit union to service the loan. On December 29, 1981, he filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The trustee has filed a complaint seeking recovery of all monies paid to the credit union by the employer during the 90 day period prior to the bankruptcy filing.

This is a fairly common situation, but one on which there is a dearth of reported cases directly on point. Like all creditors facing a preference recovery action, the credit union is disturbed at being asked to give up what few payments it has received on a loan gone sour. It points out that it received the payments in good faith and without knowledge of the debtor's financial difficulties. By way of defense, it argues first that the debt is not an antecedent debt within the meaning of Section 547(b)(2) and second that the payments were not a transfer of property of the debtor because the debtor had assigned his right to receive that money from the employer over to the credit union at the time the loan was made.

It has never been contended that preference recovery is fair to the preferred creditor; it is those creditors which did not receive payment within the preference period that are aided by a preference recovery action. Further, the creditor's good faith and lack of knowledge of the debtor's insolvency are no longer defenses to this type of action. cf. Bankruptcy Act of 1898 § 60(b). For purposes of Section 547, an installment loan is not considered a new debt as each installment becomes due, but the entire debt is deemed to have been incurred on the date of the original loan. *Barash v. Public Finance Corp.*, 658 F.2d 504 7 B.C.D. 1438 (7th Cir. 1981). Finally, although the argument about the unearned wages having been assigned may be creative, the creditor has not shown any attempt to perfect its security interest in the debtor's unearned, future wages. Such an attempt at perfection, were one to be attempted, would probably be void as against public policy.

The instant situation illustrates a preference of doric simplicity. The defendant is unable to point to any genuine issues of material fact in dispute in opposition to the plaintiff's motion for summary judgment, and the Court believes that the plaintiff is entitled to same. An appropriate judgment will be separately entered.